```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                      Plaintiff,              05-CV-6547

               v.                              DECISION
                                               and ORDER
ABLEST STAFFING SERVICES, and
TRACY WRIGHT,

                      Defendants.
_____
```

## INTRODUCTION

Anthony Falso, ("plaintiff"), proceeding *pro se* brings this action alleging that defendants Ablest Staffing Services and one of its employees, Tracy Wright, ("Wright" or "defendant") discriminated against him with respect to his employment as a temporary employee in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the American with Disabilities Act ("ADA"). Defendant Wright moves to dismiss the complaint against her on grounds that she may not be held liable as an individual under Title VII or the ADA. Plaintiff moves to have his pre-trial proceedings reassigned to United States Magistrate Judge Jonathan W. Feldman. For the reasons set forth below, I grant defendant's motion to dismiss, and deny plaintiff's motion.

## BACKGROUND

During May of 2002, plaintiff was employed by SPG Direct through Premier Staffing for one week. Plaintiff alleges that he explained to his sight manager at SPG Direct that he had a learning

disability that required certain special accommodations. Plaintiff claims he was then terminated because of a "lack of available work." In the fall of 2003, plaintiff became employed by SPG Direct again this time through Ablest Staffing. However, in this instance plaintiff only worked one day. Plaintiff claims that his recruiter from Ablest Staffing told him that he could no longer continue his assignment at SPG Direct because of his previous work experience with them in May of 2002.

On or about June 1, 2004, plaintiff filed a complaint with the New York State Division of Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC")against Ablest Staffing. On October 12, 2005, plaintiff received his right to sue letter from the EEOC. On October 18, 2005, plaintiff brought this action in federal court alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act of 1990.

## DISCUSSION

I.  Defendant's Motion to Dismiss

Defendant Wright moves to dismiss the Complaint against her on grounds that as an individual, she may not be held liable for damages under Title VII or the ADA.  Because it is well established that individuals may not be held liable for damages under Title VII or the ADA, I grant Wright's motion, and dismiss plaintiff's claims against her.   See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d

Cir. 1995)(holding that individuals are not subject to liability under Title VII); see also Cerrato v. Durham, 941 F.Supp. 388, 394-395 (S.D.N.Y. 1996) (granting motion to dismiss both Title VII and ADA claims against individual defendants).

    II. Motion to Re-Assign Case to Another Magistrate Judge

In his motion to reassign his case to another Magistrate Judge, plaintiff has failed to provide any facts or legal authority which would support his request. Furthermore, litigants are not entitled to select a specific judge to hear and determine their case. The Local Rules of Civil Procedure provide that in the Western District of New York the "Clerk shall assign each civil action to a District Judge and a Magistrate Judge" and the assignments within geographic areas "shall ordinarily be by random selection." Local R.Civ.P.5.1(a); 5.1(b). Thus, plaintiff's motion to reassign his case to another Magistrate Judge is denied.

**CONCLUSION**

For the reasons set forth above, I grant defendant Wright's motion for summary judgment, and deny plaintiff's request to have his pre-trial proceedings reassigned to another Magistrate Judge. ALL OF THE ABOVE IS SO ORDERED.


                          S/Michael A. Telesca
                          MICHAEL A. TELESCA
                     United States District Judge

Dated: Rochester, New York
       March 14, 2006