UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,

                                                           DECISION AND ORDER

                                                            05-CV-6547L

      v.

ABLEST STAFFING SERVICES,


                              Defendant.
_____


**INTRODUCTION**

      Plaintiff Anthony Falso ("Falso"), proceeding *pro se*, brings this action alleging that defendants Ablest Staffing Services ("Ablest") and its Staffing Manager, Tracy Wright ("Wright"), discriminated against him with respect to his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

      Falso alleges that he has an unspecified learning disability. During May 2002, Falso was employed by SPG Direct ("SPG") through an unrelated temporary staffing agency. Falso claims that after he explained to an SPG manager that he had a learning disability which required slight accommodations, he was abruptly terminated.

In the fall of 2003, Falso was hired by Ablest as a temporary employee. Unaware of Falso's previous history with SPG, Ablest assigned Falso to a temporary position there. After the first day of the SPG assignment, Wright informed Falso that he could no longer continue his assignment with SPG because of his previous work experience there.

In April 2004, Falso attempted, through Ablest, to apply for a position at first American Real Estate and Taxing Services. According to the Complaint, Wright canceled Falso's interview for that position, and told Falso that Ablest had no intention of hiring him then or ever again, due to his learning disability.

At some point thereafter, Ablest offered Falso an assignment with Vertis Marketing, which Falso refused because he desired a higher hourly wage than what that assignment offered.

On or about June 1, 2004, Falso filed a discrimination complaint against Ablest with the New York State Division of Human Rights ("NYSDHR"), alleging that he had been discriminated against on the basis of his learning disability. After investigating Falso's claims, on June 27, 2004, the NYSDHR issued a "no cause" finding and dismissed Falso's complaint, noting that there was no evidence to substantiate any of his allegations. Those findings were adopted by the Equal Employment Opportunity Commission ("EEOC") on October 12, 2005. Three days later, Falso initiated the instant action, purporting to assert claims under Title VII and the ADA against Ablest and Wright, in her individual capacity. Falso's claims against Wright were dismissed by Order of the Hon. Michael A. Telesca on March 14, 2006 (Dkt. #16).

Ablest now moves to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), on the grounds that Falso has failed to exhaust his administrative remedies with respect

to his Title VII claim, and has failed to state claim of discrimination pursuant to the ADA. For the reasons set forth below, Ablest's motion to dismiss is granted, and the Complaint is dismissed.

## DISCUSSION

In considering a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court may consider the pleadings, as well as other evidence, such as affidavits, to determine any disputed jurisdictional issues of fact. *See Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992).

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, and those documents attached to the Complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007).

I note that the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has been rejected recently by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007), which conclusively retired

the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1964-65 (citations omitted).  *See e.g.*, *Transhorn, Ltd. v. United Technologies Corp.*, 2007 U.S. App. LEXIS 21086 at *6 n. 3 (2d Cir. 2007) (concluding that *Twombly*'s holding, which addressed an antitrust claim, is not limited to that context and "affects pleading standards somewhat more broadly");  *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Twombly* standard).[1]  Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  *Twombly*, 127 S. Ct. at 1974.

**I.      Falso's Title VII Claims**

Although Falso does not identify himself as part of a protected group, Falso alleges that Ablest subjected him to discriminatory harassment and retaliation in violation of Title VII.  However, Falso's administrative charge with the NYSDHR makes no reference whatsoever to discrimination on the basis of race, color, religion, sex or national origin in general, or to Title VII in particular.  It does not appear that the NYSDHR or EEOC ever investigated such claims, and I find that Falso's new allegations of discrimination under Title VII bear no "reasonable

---

[1] Although a number of contemporary cases still purport to rely solely upon various reiterations of the traditional pre-*Twombly* standard, including *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), which held that a discrimination complaint need do nothing more than "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Twombly*'s holding has modified the analysis significantly through its adoption of a "flexible plausibility standard."  *See Iqbal v. Hasty*, 490 F.3d 143, 155-156 (analyzing and harmonizing *Twombly* with earlier versions of the Fed. R. Civ. Proc. 12(b)(6) standard).

relationship" to the allegations contained in his NYSDHR complaint.  Accordingly, Falso has failed to exhaust his administrative remedies with respect to his Title VII claims, and they must be dismissed.  *See Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted race and age discrimination claims are not "reasonably related" to gender and disability discrimination claims recited in plaintiff's EEOC filing, and therefore must be dismissed), *citing Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006).

**II.**     **Falso's ADA Claims**

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment.  42 U.S.C. §12112(a).  A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).  For purposes of the ADA, a disabled individual is one who: "(i)  has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 42 U.S.C. §12102(2).  An impairment cannot be demonstrated merely through evidence of a medical diagnoses; rather, the ADA "requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).

Here, Falso's Complaint and its attachments, including his administrative complaint filed with the NYSDHR and accompanying correspondence, fail to "amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal*, 490 F.3d at 157-158 (applying *Twombly*).

First, Falso fails to specify an impairment which substantially limits one or more major life activities. Falso generally alleges that he has a "learning disability" which is "a disability within the meaning of the New York State Human Rights Law." As an initial matter, this statement is a conclusion of law which cannot defeat a motion to dismiss. *See Reddington*, 511 F.3d at 126; *Starr v. Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 88219 (S.D.N.Y. 2007).[2] Furthermore, Falso makes no allegation, nor can his Complaint be read to suggest, that his "learning disability" substantially limits him in the performance of any major life activity, that any record of such an impairment exists, or that Ablest regarded him as having such an impairment. While Falso repeatedly alleges that White told him that his learning disability was unacceptable and that Ablest would not give him assignments because of it, the Complaint and its attachments nonetheless affirm that Ablest hired Falso *after* it was alleged to have learned of Falso's learning disability, and attempted to place him in at least two assignments: the failed assignment with SPG, and a later assignment with Vertis Marketing, which Falso claims he refused because he desired higher-paying positions.

---

[2] Falso's allegation that he is disabled as that term is defined by the New York Human Rights Law, even if true, is not the equivalent of alleging a disability pursuant to the ADA. New York's definition of disability is more expansive than the ADA definition, and includes no requirement that the alleged disability restrict performance of a major life activity. *See* N.Y. Exec. Law §292; *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001).

Furthermore, Falso makes no claim that he was qualified to perform the requirements of any assignment from Ablest, with or without reasonable accommodations for his alleged learning disability. In the absence of such allegations and notwithstanding the liberal interpretation afforded Falso's allegations because of his *pro se* status, Falso has failed to provide Ablest with fair notice of the nature of Falso's alleged disability, Ablest's alleged failures to accommodate it, or the grounds for Falso's claim that he was subjected to unspecified "demeaning actions" or refused additional assignments as a result. (Dkt. #1). *See e.g.*, *Cioce v. County of Westchester*, 2005 U.S. App. LEXIS 6587 at *7 (2d Cir. 2005) (district court properly dismissed ADA discrimination claim where plaintiff made no allegation that the defendants had open positions for which he was qualified and which he could perform); *Taggert v. Moody's Investors Serv., Inc.*, 2007 U.S. Dist. LEXIS 52765 at *22-*24 (S.D.N.Y. 2007) (dismissing ADA discriminatory discharge claim, where plaintiff failed to describe her alleged disability or to explain whether and how her employers were informed of her disability or the required accommodations, or refused to provide them).

Accordingly, Falso has failed to state a claim of disability-related discrimination pursuant to the ADA which " raise[s] a right to relief above the speculative level," and his ADA claim must be dismissed. *Twombly*, 127 S. Ct. at 1974.

## CONCLUSION

For the foregoing reasons, I find that Falso has failed to exhaust his administrative remedies with respect to his Title VII claim, and has failed to state a claim upon which relief can

be granted pursuant to the ADA. Accordingly, Ablest's motion to dismiss those claims (Dkt. #8) is granted, and the Complaint is dismissed, with prejudice.

Plaintiff's motion to quash (Dkt. #29) and motions to compel (Dkt. #30 and #33) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 11, 2008.